IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LUIS MUNUZURI HARRIS,
    Plaintiff,

vs.                                                  Case No.: 5:13cv382/WS/EMT

DEREK L. WILKES, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's Emergency Motion for Injunctive Relief (ECF No. 53). Plaintiff was an inmate at Appalachee Correctional Institution ("ACI") at the time he initiated this civil rights cause of action on November 13, 2013, and his complaint identified as Defendants officers at ACI as well as the Secretary of the Florida Department of Corrections ("DOC") (ECF No. 1). Plaintiff identifies claims of cruel and unusual punishment under the Eighth Amendment and retaliation under the First Amendment and states that in September of 2013 Defendants retaliated against him after he had filed prison grievances and had contacted the Office of the Inspector General to report that he was experiencing acts of retribution for having filed a mandamus action (ECF No. 15). The alleged acts of reprisal included acts of physical force as well as the filing of false disciplinary reports against Plaintiff.

Subsequent to the filing of his complaint, Plaintiff was transferred from ACI, which Plaintiff states is located in Region One of the DOC system, to Columbia Correctional Institution, which he states is in Region Two. On March 9, 2016, however, Plaintiff was transferred to Franklin Correctional Institution ("FCI"), located in Region One. In the instant motion for injunctive relief, which the construes as a motion for a preliminary injunction, Plaintiff seeks to prevent Defendants from transferring and housing Plaintiff in any facility located in Region One.

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

    1.    There is a substantial likelihood that Plaintiff will prevail on the merits;

    2.    There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

    3.    The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

Case No.: 5:13cv382/WS/EMT

4. The granting of the preliminary injunction will not disserve the public interest.

See CBS Broad., Inc. v. Echostar Communc'n Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Imp., Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broad., Inc., 265 F.3d at 1200 (citation omitted). Because the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, the relief sought in the motion must be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab., 72 F.3d 842, 842–43 (11th Cir. 1995).

Plaintiff states his transfer to FCI was effected only to subject him to harassment, abuse, verbal torture, imminent mortal danger and bodily harm, false disciplinary actions, and segregated confinement under the guise of "administrative investigation" or "protection needs evaluations" [sic] (ECF No. 53 at 1–2). As

Plaintiff does little to expound upon these general allegations,[1] they do not provide an adequate basis for granting preliminary injunctive relief. The foundation of Plaintiff's argument is that his return to Region One puts him in danger of further retribution, even though he is not returning to ACI where the events forming the basis of the complaint occurred, but to FCI where—evidently—he has never been housed before. While Plaintiff also indicates that some correctional officers who might have worked at ACI during the events in question have been transferred and now work at FCI, he identifies no particular officers, he does not state that any of them were previously involved in the described events (which occurred more than two years ago), nor does he describe any motivation that any of them might have to commit further acts of retribution against him. Thus, Plaintiff is left only with the general proposition that there is a conspiratorial vendetta to retaliate against him throughout Region One.

In sum, Plaintiff's allegations are simply too vague and broad to merit the granting of injunctive relief—especially the expansive type of relief Plaintiff

---

[1] Plaintiff does allege that he was subjected to a "serious assault to his person" at Taylor Correctional Institution, where he apparently was housed briefly as an "interim" institution while being transferred from ACI to FCI (ECF No. 53 at 2). He attaches as exhibits medical records indicating that he was treated for injuries to his face and stomach, but there is no indication as to the origin of these injuries other than Plaintiff's own conclusory assertion that there was a "clandestine transfer" arranged for him wherein he apparently was assaulted. Plaintiff also states that an officer from the Office of the Inspector General chose to reopen an apparently older case because of this incident, but, contrary to Plaintiff's assertion, there is nothing within his exhibits to establish this (ECF No. 53 at 2–3 & Ex. C).

requests.² *See* Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986) (holding that a prisoner plaintiff must support claim of retaliation with sufficiently alleged facts); Crawford-El v. Britton, 523 U.S. 574, 118 S. Ct. 1584, 1598, 140 L. Ed. 2d 750 (1998) (a plaintiff must come forward with more than "general attacks" on a defendant's motivations and must produce "affirmative evidence" of retaliation).

Morever, Plaintiff does not identify any of the Defendants in his motion, leaving it entirely possible that none of the Defendants are at FCI to be realistically subject to injunctive relief.³ As stated above, the purpose of preliminary injunctive relief is to maintain the status quo while the litigation takes place, and for that reason the content of the motion must be closely related to the allegations of the complaint, and the parties from whom the injunctive relief is sought must be parties in the underlying action. The Defendants in this case appear entirely exterior to the events related in Plaintiff's motion.⁴

---

² Region One of the DOC is comprised of sixteen counties spanning along the Florida panhandle from Escambia County to Jefferson County. *See* http://www.dc.state.fl.us/facilities/region1/regionmap.html (Visited on April 6, 2016).

³ In fact, Plaintiff alleges that five administrators at the DOC Central Office conspired to effect Plaintiff's transfer to FCI in response to the this court's recent denial of Defendant's motion to dismiss—which did not deal with Plaintiff's allegations substantively but rather with the procedural matter of whether Plaintiff had adequately exhausted his available administrative remedies prior to bringing this lawsuit (ECF No. 53 at 1; ECF No. 40; ECF No. 50).

⁴ While one of the Defendants is Michael Crews who at the time of the events of the complaint was the Secretary of the DOC, he is no longer in that position.

Case No.: 5:13cv382/WS/EMT

Moreover, it is well established that prisoners have no right to remain in a particular institution with particular rules, regulations, and privileges. <u>Meachum v. Fano</u>, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); <u>Montayne v. Haymes</u>, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976). As long as the conditions or degree of confinement to which a prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, prison officials have broad discretion to order the transfer of inmates. <u>Montayne</u>, 427 U.S. at 242, 96 S. Ct. at 2547. Federal courts should normally be reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so. <u>Procunier v. Martinez</u>, 416 U.S. 396, 404–05, 94 S. Ct. 1800, 1807, 40 L. Ed. 2d 224 (1974), *overruled on other grounds,* <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459(1989); <u>Sandin v. Conner</u>, 515 U.S. 472, 482, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); <u>Newman v. Alabama</u>, 683 F.2d 1312, 1320 (11th Cir. 1982).

Therefore, Plaintiff's request for injunctive relief should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's construed motion for preliminary injunctive relief (ECF No. 53) be **DENIED**.

At Pensacola, Florida, this 7th day of April 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**